UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Vachon Yanaine Mardis,

               Plaintiff,

   vs.

Cherly Ramstad Voss,
Ex-Commissioner of Corrections;
Dave Crist, Ex-Stillwater Prison
Warden; Pat Adair, Ex-St. Cloud
Prison Warden; Robert Feneis,
Ex-Lino Lakes Prison Warden; John
Doe, Hennepin Parole Officer;
Robert Elkins, Hennepin Parole Office
Supervisor; and Rase Viscasillas,
Ex-hearing and Release Director;

               Defendants.         Civ. No. 04-5103 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court for the purpose of determining whether the

Plaintiff has complied with the requirements of the Court's prior Order of January 7,

2005.  Docket No. 3.  In that Order, we directed the Plaintiff to file one copy of his

Complaint, and one properly completed United States Marshal service form -- USM-

285 -- for each Defendant to be served in this matter.  The Plaintiff was advised that the Marshal would not be able to serve the named Defendants, and that this case could not go forward, unless he submitted the necessary Marshal service forms and extra copies of his Complaint.  The prior Order also expressly advised the Plaintiff that, if he did not submit the necessary copies of his Complaint, and of the Marshal service forms, by February 10, 2005, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for lack of prosecution.

The Plaintiff later filed a Motion requesting an extension of the deadline for submitting his Marshal service forms, and extra copies of his pleadings.  Docket No. 4.  His "Motion For Enlargement" was granted by Order of February 23, 2005, Docket No. 5, and the Plaintiff was allowed until March 25, 2005, by which to submit his Marshal service forms, and the extra copies of his Complaint.

The extended deadline for satisfying the requirements of the Order of January 7, 2005, expired several weeks ago, and the Plaintiff still has not submitted any Marshal service forms, or extra copies of the Complaint.  Nor has the Plaintiff offered any explanation for his failure to comply with the Court's Order.  Indeed, the Plaintiff has not communicated with the Court at all since he filed his "Motion For

Enlargement" nearly three months ago.  Therefore, based on the express warning as to the consequences that would follow if the Plaintiff failed to comply with the requirements of the prior Order, we now recommend that the Plaintiff be deemed to have abandoned this action, and that the action be dismissed, without prejudice, for failure to prosecute.  See, <u>Rule 41(b), Federal Rules of Civil Procedure </u>(actions may be dismissed for failure to comply with Court Orders); see also, <u>Link v. Wabash Railroad Co</u>., 370 U.S. 626, 630-31 (1962) (recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.").

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to prosecute, and for failure to comply with the prior Order of the Court.

Dated: April 26, 2005

s/Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE

JUDGE

# N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 13, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 13, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.